IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRYSTAL MAESTAS,

       Plaintiff,

v.                                                                                                         CV 20-0184 JHR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,[1]

       Defendant.

## MEMORANDUM OPINION AND ORDER

       This case is before the Court on Crystal Maestas' Motion [Doc. 19] to reverse the decision of the Social Security Administration and to remand her claims for benefits under Titles II and XVI of the Social Security Act. The Commissioner filed a Response and Ms. Maestas filed a Reply, completing the briefing. [Docs. 22, 25]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned United States Magistrate Judge to issue a decision in this case and enter a final judgment. [Docs. 4, 8, 9]. The primary issue is whether the Appeals Council erred by failing to at least consider supplemental evidence submitted by Ms. Maestas after its administrative law judge ("ALJ") issued an unfavorable decision. If it erred, then the case must be remanded. If not, then the Court must review the ALJ's decision in light of the new evidence to determine if the decision remains supported by substantial evidence. Having reviewed the parties' briefing, the administrative record (*AR*) and the pertinent law, the Court agrees with Ms. Maestas that her case must be remanded because the Appeals

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted for former Commissioner Andrew Saul as the Defendant in this suit.

Council declined to consider evidence that was new, material, and temporally relevant under the applicable regulations. Therefore, her Motion is **granted** for the reasons set forth more fully below.

## I. PROCEDURAL HISTORY

Ms. Maestas filed an abbreviated application for supplemental security income benefits under Title XVI of the Social Security Act on July 21, 2016, an application for disability insurance benefits under Title II of the Act on July 22, 2016, and a full application for supplemental security income benefits on August 4, 2016. [*AR* at 184-193]. In her applications Ms. Maestas alleged a disability onset date of July 6, 2016, due to diabetes, fibromyalgia, "lost 2 toes" and "had infection on bottom of foot[,] took part [of] foot off". [*See AR* at 186, 188, 214]. The Administration denied Ms. Maestas' applications at the initial and reconsideration stages of review so she requested a de novo hearing before an administrative law judge. [*See AR* at 75-155]. ALJ Michelle Lindsay held a hearing on Ms. Maestas' applications on June 28, 2018, at which Ms. Maestas and a vocational expert were questioned by the ALJ. [*See AR* at 38-74]. Ms. Maestas was not represented by counsel. [*AR* at 40].

Ms. Maestas testified that she graduated high school and has a certificate in medical billing. [*AR* at 46]. At the time of the hearing she was living with her teenage niece and nephew in her mother's spare home. [*AR* at 48]. She last worked as a receptionist at doctors' offices and at a hotel. [*AR* at 49]. She has also worked as a caregiver, a receptionist at a chiropractor's office, in fast food, and as a receptionist at a medical and surgical office. [*AR* at 50-51]. She initially stopped working in 2014 to help take care of her niece and nephew after their mother died. [*AR* at 52]. However, in 2016 her life changed "dramatically" when she developed a diabetes-related infection in her left foot which resulted in the amputation of her third and fourth toes. [*AR* at 52, 64]. That infection did not heal properly, and the rest of her toes were removed in a December 2016 surgery. [*AR* at 53].

Though she healed from these procedures, at the time of the hearing Ms. Maestas had developed another sore on her foot and was restricted to two hours of walking a day by her physician. [*AR* at 54]. She experienced pain in her foot, including phantom pain where her toes once were. [*AR* at 55]. Some days were better than others. [*AR* at 55]. Although she could walk around two hours total in a day, she could only walk 5-10 minutes at a time. [*AR* at 55]. She shopped in grocery stores using motorized scooters and, if she had to stand in line, she could only do so for about 20 minutes. [*AR* at 56]. She took oxycodone for pain once every four to six hours. [*AR* at 59-60]. Her medication helped her manage her pain and sleep. [*AR* at 60]. She wore a special shoe on her left foot to help her balance. [*AR* at 60]. She had a caregiver who helped her 29 hours a week. [*AR* at 62]. While grateful that she can still walk, she felt limited in her abilities. [*AR* at 64-65]. For example, she gets tired after a lot of getting up. [*AR* at 72]. And she takes her walker everywhere because she is concerned that she will not have a place she can sit and rest if she gets tired. [*AR* at 72-73].

A vocational expert also testified. [*AR* at 66]. She stated that a person with Ms. Maestas' limitations could still work as a receptionist, secretary, addresser in an office setting, telephone quotation clerk, and a document preparer. [*AR* at 69-70]. However, the vocational expert qualified her testimony in two ways. First, she stated that use of a walker by such a person would be considered an accommodation because it could affect productivity. [*AR* at 71]. Second, she indicated that elevating one leg while seated could affect the sedentary job base. [*AR* at 71-72].

The ALJ issued an unfavorable decision denying benefits on August 31, 2018, finding that Ms. Maestas retained the ability to work as described by the vocational expert. [*AR* at 19-36]. Ms. Maestas submitted a Request for Review of Hearing Decision/Order to the Appeals Council on March 8, 2019. [*AR* at 181-183]. Later, after retaining counsel, she submitted a Medical

Assessment of Ability to Work-Related Activities (Physical and Non-Physical) from 2016 to current by Nurse Practitioner Cheryl Brubaker on June 21, 2019. [*AR* at 13-15]. The assessment was dated April 3, 2019, and Ms. Maestas asserted that it was "new, material and chronologically pertinent" as required by Section 404.970(b). [*AR* at 13-15].

The Appeals Council denied Ms. Maestas' request for review on January 3, 2020, [*AR* at 1-5], rendering ALJ Lindsay's decision the Final Decision of the Commissioner for the purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). The Council determined that Nurse Practitioner Brubaker's opinion "does not show a reasonable probability that it would change the outcome of the decision." [*AR* at 2]. The Council neither exhibited the evidence nor added it to the record. [*AR* at 2, 4]. Instead, the Council notified Ms. Maestas that, if she disagreed with its decision or that of the ALJ, she could seek judicial review. [*AR* at 2].

Ms. Maestas timely initiated this action on March 3, 2020 and briefing on her Motion to Remand was completed on December 7, 2020. [Docs. 1, 19, 22, 24, 25, 26]. This Court has jurisdiction to review the Appeals Council's decision to disregard Nurse Practitioner Brubaker's opinion and the Commissioner's Final Decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

## II.   THE COMMISSIONER'S FINAL DECISION

A claimant seeking social security benefits under the Act must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(l)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step

sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]

At step one, ALJ Lindsay found that Ms. Maestas has not engaged in substantial gainful activity since before her July 2016 alleged onset date. [*AR* at 25]. At step two, she determined that Ms. Maestas has the following severe impairments: "diabetes mellitus with peripheral neuropathy, status post transmetatarsal amputation of all digits on the left foot secondary to osteomyelitis and gout[.]" [*AR* at 25]. At step three, she concluded that Ms. Maestas' combined impairments do not meet or medically equal the regulatory "listings" so that they would presumptively establish disability. [*AR* at 25-26]. Ms. Maestas does not challenge the ALJ's findings at steps one through three in this appeal. [*See generally* Docs. 19, 25].

When a claimant fails to establish disability at step three the ALJ must determine the extent to which she remains able to work – her residual functional capacity ("RFC") – before proceeding to identify at step four past jobs she can still do or, at step five, other jobs she remains capable of despite limitations. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is not the least an individual can do despite his or her limitations or restrictions, but the most." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Ms. Maestas retains the residual functional capacity to:

> perform less than [a] full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that she is able to lift, carry, push, and pull up to ten (10) pounds on an occasional basis, but she can never push or operate petals or foot controls with the left lower extremity. The claimant can occasionally climb stairs and ramps, balance, crouch, kneel, and crawl, but can never climb ladders, ropes, or scaffolding and must completely avoid heights.

[*AR* at 26].

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*. *See* 813 F.3d 1326, 1333 n.1 (10th Cir. 2016).

Consistent with the vocational expert's testimony at the hearing, ALJ Lindsay found at step four that Ms. Maestas was not disabled, reasoning that she remained capable of working as a medical receptionist. [*AR* at 29]. The ALJ concluded in the alternative at step five that Ms. Maestas is not disabled because she remains capable of working as an addresser, telephone quotation clerk and document preparer. [*AR* at 30]. ALJ Lindsay then denied Ms. Maestas benefits under Titles II and XVI of the Social Security Act. [*AR* at 31].

### III.   LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show [the Court] that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640 (10th Cir. 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

Under the regulations,[3] the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). This review is subject to, and affected by, whether additional evidence is submitted after the ALJ's decision.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will

---

[3] The applicable regulations were amended effective January 17, 2017 with compliance required by May 1, 2017.

> then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, as the Tenth Circuit has explained, the regulations draw a distinction between "new and material evidence" - which the Appeals Council must "consider" alongside the rest of the evidence in the file - and evidence which is rejected because it does not qualify for consideration. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) (citing *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011)). As the court said in *Padilla*,

> The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration … then the question on appeal is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence.

*Id.* n. 1. As opposed to substantial evidence, "[w]hether evidence qualifies for consideration is a question of law subject to *de novo* review." *Id.* at 712 (citing *Threet v. Barnhart,* 353 F.3d 1185, 1191 (10th Cir. 2003)).

### IV.   ISSUES PRESENTED

1.   Where additional evidence offered by Ms. Maestas after the unfavorable decision in her case is new, material and temporally relevant, did the Appeals Council err as a matter of law by declining to at least consider and index the additional evidence (a *de novo* determination); or does the record show that the Council considered the evidence, meaning the Court must review the Administration's decision for substantial evidence?

2.   Is the ALJ's assessment of Ms. Maestas' pain and other symptoms supported by substantial evidence where she did not consider Ms. Maestas' use of assistive equipment, weight bearing limitations or frequent ulceration debridement procedures?

3. Did the ALJ fail to adequately develop the record to clarify the extent of Ms. Maestas' physical limitations by declining to order a consultative examination?

## V. ANALYSIS

The Court only addresses the first issue presented, in the interest of judicial efficiency, as the Administration may choose to revisit the others on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). To do so the Court first resolves the parties' dispute concerning whether the Appeals Council actually considered Ms. Brubaker's opinion, which dictates the standard of review, then analyzes the facts of this case in light of the controlling law to conclude that the Council should have at least considered the evidence, requiring reversal.

Under the regulations the Appeals Council will review a case if, among other things, it receives additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).[4] Whether evidence qualifies for consideration by the Appeals Council under this standard is a question of law subject to *de novo* review. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). "To reiterate: when never-before-considered evidence is presented to the Appeals Council, the substantial-evidence review standard applies only if the Appeals Council 'considered' the additional evidence as qualifying for review under subsection (a)(5)'s three criteria." *Martinez v. Saul*, 2020 WL 4597024, at *5 (D.N.M. Aug. 11, 2020). The threshold determination is therefore whether the Appeals Council "considered" the new evidence or did not.

---

[4] The Commissioner correctly points out that the Appeals Council did not address the other factors that Ms. Maestas was required to establish (such as good cause). [*See* Doc. 22, p. 14 n.5]; *see also* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 FR 90987-01; *Martinez v. Saul*, 2020 WL 4597024, at *4 (D.N.M. Aug. 11, 2020). The Court, therefore, does not address them.

Here, the Court finds that the Appeals Council neither accepted nor considered the new evidence from Ms. Brubaker. When the Council denied review of ALJ Lindsay's decision it did so without exhibiting Ms. Brubaker's opinion, reasoning that it "does not show a reasonable probability that it would change the outcome of the decision." [*AR* at 2]. As Magistrate Judge Yarbrough stated when addressing a similar set of facts:

> When the Appeals Council stated it did not 'exhibit' the evidence, it also necessarily conveyed that it did not 'consider' the evidence. This is because when the Appeals Council "considers" evidence, it also "exhibits" that evidence, meaning the evidence becomes part of the medical record available for a substantial evidence review. Here, the converse is true: the Appeals Council did not 'exhibit' the evidence because it did not 'consider' it.

*Martinez v. Saul*, 2020 WL 4597024, at *5 (D.N.M. Aug. 11, 2020) (footnote omitted). As Magistrate Judge Yarbrough observed, "the proper focus is not on the Appeals Council's choice of semantics but, instead, whether the Appeals Council correctly determined that the never-previously-submitted evidence failed to meet the (a)(5) criteria." *Id.*

As the Tenth Circuit found in *Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished), subsection (a)(5) consists of "predicate requirements ... to warrant consideration" of the additional evidence. Therefore, "the Appeals Council's dismissal of the additional evidence's import under a subsection (a)(5) criterion indicates that it ultimately found the evidence did not qualify for consideration at all." *Id.*; *see Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017) ("When a claimant submits new evidence to the Appeals Council and the Council accepts that evidence, it becomes part of the administrative record for the district court to consider in performing its substantial-evidence review."). Thus, because the Appeals Council rejected the evidence, this case boils down to whether the Appeals Council should have at least considered it when reviewing ALJ Lindsay's decision.

The standard for this legal determination is *de novo*; substantial evidence does not apply. Having conducted judicial review, the Court agrees with Ms. Maestas that the Appeals Council committed an error of law. Applicable precedent states that "[e]vidence is new 'if it is not duplicative or cumulative,' and it is material 'if there is a reasonable possibility that it would have changed the outcome….' Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision." *Padilla*, 525 F. App'x at 712.[5] These standards are met here, and the Commissioner does even attempt to argue that the new evidence is not new, material or temporally relevant. [*See generally* Doc. 22]. Instead, the Commissioner argues that Ms. Maestas must also show that there was a reasonable probability that the evidence would have changed the decision under subsection (a)(5). [Doc. 22, p. 15].

The Court finds subsection (a)(5)'s inclusion of both a materiality requirement (which considers whether evidence could possibly affect a decision) and a "probability" requirement are at odds with binding Tenth Circuit case law as applied by other judges in this district, appearing to heighten the original materiality requirement. *See, e.g.*, *Hanna v. Kijakazi*, 2021 WL 3169203, at \*5 (D.N.M. July 27, 2021) ("Consistent with Plaintiff's argument, the prevailing view in this District is that 'this requirement heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome.'"). Still, even applying this heightened standard

---

[5] *Padilla* is instructive. There, the court found the new evidence submitted by the claimant – psychological and audiological evaluations – to meet all three of these requirements. *See* 525 F. App'x at 712-713. The evidence was new because there was no such evaluation at the time of the decision and the results were not cumulative of existing evidence. *Id.* The evidence was material because it potentially undermined the substantial evidence supporting the ALJ's decision by revealing severe impairments and nonexertional limitations that the ALJ did not address or evaluate and could potentially affect the outcome of the case. *Id.* Finally, the evidence was temporally relevant and related to the period before the ALJ's decision because it corroborated previous diagnoses by treating doctors prior to the hearing as well as the claimant's testimony at the hearing about his impairments. *Id.*

the Court determines that there is a reasonable probability that inclusion of Ms. Brubaker's opinion would have changed the result in this case.

The Commissioner concedes that Ms. Brubaker's opinion was more restrictive than the ALJ's RFC finding. [Doc. 22, p. 17]. While the Commissioner presses several arguments for why Ms. Brubaker's opinion would have been rejected by the Appeals Council, her opinion is not substantially inconsistent with her treatment notes. [*See AR* at 955-986]. For example, Ms. Brubaker's records indicate that Ms. Maestas has had varying success with controlling her pain and staving off infection in her amputated foot. [*See AR* at 978 (noting increased pain in April 2017 after discontinuing marijuana use); *AR* at 972 (June 2017 clinic notation recording Ms. Maestas' foot pain as "similar to when it was infected."); *AR* at 967 (November 2017 clinic note where Ms. Maestas reported pain and a bloody spot on her foot and increased oxycodone use to cope with cold weather)]. While Ms. Brubaker noted that Ms. Maestas was recovering from her amputation and ambulating for short distances without difficulty in December 2017, a few months later in April 2018 she remarked that Ms. Maestas was "not weight bearing due to diabetic foot ulcers and is mobilizing by wheelchair." [*AR* at 959, 963]. Therefore, the Court finds that, had the Administration considered this additional evidence, there is a reasonable possibility (and probability) that the outcome of Ms. Maestas' application for benefits would have been favorable. That being the case, Ms. Brubaker's opinion met the requirements of subsection (a)(5), and the Appeals Council was required by law to consider it when deciding whether to affirm ALJ Lindsay's decision. Its failure to do so is reversible error.

## VI. <u>CONCLUSION AND ORDER</u>

The applicable regulations required the Appeals Council to at least consider Nurse Practitioner Brubaker's opinion when deciding whether to affirm the ALJ's decision denying Ms.

Maestas benefits. Because the Council failed to do so, the Court has no choice but to reverse the Commissioner's Final Decision and remand this case for further administrative proceedings consistent with this opinion.

Wherefore, **IT IS THEREFORE ORDERED** that Plaintiff Crystal Maestas' Motion to Reverse and Remand [Doc. 19] is **GRANTED**, the Action of the Appeals Council and, by extension the Final Decision of the Commissioner in this case, is **REVERSED**, and Ms. Maestas' claims are **REMANDED** for further proceedings consistent with this decision.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent